409 P.2d 49

The STATE of Arizona, Appellee,

v.

Claude Clarence PRICKETT, Appellant.

No. 1556.

Supreme Court of Arizona,
En Banc.

Dec. 16, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.

Pasquale R. Cheche, Phoenix, for appellant.

BERNSTEIN, Justice.

In the Superior Court of Maricopa County, appellant, Claude Clarence Prickett, was convicted on two counts of robbery in violation of A.R.S. § 13–641, and was sentenced to serve two terms of not less than eight nor more than twelve years, to run concurrently, in the Arizona State Prison.

The facts establish that on July 7, 1964, appellant took a taxi-cab from the Greyhound Bus Station to the Postal Finance Company at 15 South First Street in Phoenix and ordered the taxi-cab driver to wait for him while he attended to some personal business. Appellant, while inside the Postal Finance Company, handed Mrs. Judith Ann Lyman, the bookkeeper who was one of the prosecuting witnesses a note which read as follows: "This is a holdup. Don't scream. I have a 45 pistol in my pocket. Thank you." When she asked him if he was "kidding" he brandished the weapon whereupon Mrs. Lyman complied with his demands and brought him a cash drawer.

A few minutes later the company manager, Mr. Miller, also a prosecuting witness, met appellant's demands when told to open the safe and hand over the cash box. Then, some ten minutes after he entered, appellant ordered the company employees to the back room and departed in the same taxi-cab in which he arrived.

While the taxi-cab proceeded on Fifth Street, Officer Smith on a three wheeled motorcycle picked up pursuit after hearing a radio message about the robbery. Mr. Sanchez, the taxi-cab driver testified that appellant pulled a gun and yelled to Officer Smith to stop following him. Officer Smith testified that during the chase appellant leaned out of the taxi-cab window, "* * * possibly the full length of his body to his waist with a gun in his hand * * *", and threatened to kill him unless he dropped pursuit of the taxi-cab.

Officers Giordano and Tarantino testified that they finally apprehended appellant after their patrol car forced the taxi-cab to the curb. Thereafter the officers seized appellant's loaded weapon which he pulled on them and captured over $1500 in stolen money from him.

Appellant's sole assignment of error contends that the introduction into evidence of testimony by Officer Smith that appellant assaulted him with a deadly weapon during the chase, and that this error was compounded when the prosecuting attorney made reference to such evidence in his argument to the jury. Appellant's contention is that it is prejudicial to a fair and impartial trial to admit into evidence acts which constitute separate and distinct offenses for which one is not being tried and that the only result can be to create in the jurors' minds the impression that defendant's character was bad.

■ Evidence as to the conduct and actions of appellant during the period of his flight is admissible, particularly where it

is shown that his flight was to avoid apprehension for the original crime, State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245, and certainly counsel for the state can comment on it and point out its significance.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.