449 P.2d 296

**STATE of Arizona, Appellee,**

**v.**

**Jesse Monroe WAYMAN, Appellant.**

**No. 1811.**

Supreme Court of Arizona.
In Banc.

Jan. 16, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellant.

HAYS, Justice:

The appellant, Jesse Monroe Wayman, brings this appeal from a conviction for indecent exposure, a misdemeanor, and from a sentence of 4½ to 5 years, so rendered because he was found by the trial court to have been guilty of a prior conviction. A.R.S. § 13–1649.

On October 15, 1966, the complaining witness, together with her sister and a close friend, observed the appellant pass them in his white station wagon as they walked toward a local store. When the three young ladies entered the store, the appellant parked his vehicle and followed them. While in the store, the appellant apparently offended one of the young ladies and she began crying.

The complaining witness, upon leaving the store, saw the appellant sitting in his station wagon. She approached the station wagon to warn the appellant that she intended to notify the police if he did not refrain from bothering them. The complaining witness testified that the appellant opened the door, unfastened his trousers, and began manipulating his genitals in her presence. The young lady, together with her sister and friend, hurried to a nearby home and notified police of the appellant's actions.

Shortly after a police officer arrived, the three young ladies saw the appellant driving past them once again in his vehicle. The investigating officer gave chase, and apprehended the appellant.

The State, in its information, charged the appellant with "the crime of Indecent Exposure (with prior conviction), a Felony." The case was set for trial on May 18, 1967. However, prior to the selection of the jury the Court ordered that the information be read to the jury only as to the charge of indecent exposure and with no reference to the prior conviction.

The appellant was tried before a jury and convicted. Upon rendering their verdict, the jurors were dismissed, with the court indicating that counsel had waived the jury for any further proceedings.

On May 22, 1967, the Superior Court reconvened, without a jury, and heard evidence as to an alleged prior conviction of the appellant. The Court, after receiving evidence, made the following finding:

"It is the finding of the Court that defendant is guilty of prior conviction, as charged in the information, and judgment is so ordered."

On June 7, 1967, the appellant was sentenced to serve a term of not less than 4½ nor more than 5 years at the Arizona State Prison at Florence.

The appellant challenges both his conviction for indecent exposure and his conviction as a prior offender. In the interests of clarity, we shall discuss the issues raised under each conviction separately.

INDECENT EXPOSURE:

The appellant raises three points in attacking his conviction for indecent exposure. He first contends that the trial court committed prejudicial error by limiting the scope of his cross examination. The appellant tried to attack the credibility of the complaining witness by showing that she, although only 17 years of age, had been married twice, divorced once, and had given birth to two children, one of which resulted from an adulterous relationship. Appellant theorizes that the complaining witness' unfortunate marital and extra-marital experiences had resulted in an irrational bias against all men.

The trial judge admitted evidence showing that the complaining witness had been married twice and had given birth to two children. We hold that the exclusion of questions directed at the complaining witness' prior adulterous relationship or prior divorce was not error. See Riddle v. State, 92 Okl.Cr. 397, 223 P.2d 379 (1950); 65 A. L.R. 410. It is well established in this State that specific acts of misconduct cannot be shown unless they clearly impeach the truth or veracity of the witness or have resulted in a prior conviction. See Spector v. Spector, 94 Ariz. 175 at 184, 382 P.2d 659 (1963); State v. Harris, 73 Ariz. 138,

238 P.2d 957 (1951). These assertions have no relevancy to the complaining witness' truth or veracity, nor do they have any reasonable connection with the issues before the jury.

The appellant's next contention is that the trial judge committed error by failing to grant his motion for a mistrial. It appears that, during the course of trial, counsel for appellant began cross-examining the complaining witness regarding her unfortunate past. When the State objected to the line of questioning, the trial judge called for a recess and excused the jury, sending them to an adjacent room. Shortly after their departure, the complaining witness, emotionally upset by the difficult and embarrassing cross examination, broke into tears and ran from the courtroom. The complaining witness, upon regaining her composure, returned to the courtroom.

There is no evidence that the jury ever heard the emotional outburst of the complaining witness. Even if the jury did hear her outcry, one can only speculate on whether the State or the defendant might have been prejudiced. We believe that the trial judge, who witnessed the complaining witness' conduct and could measure its possible effect on the jury, did not abuse his discretion in failing to order a mistrial.

The appellant, in his next argument, contends that the trial judge erroneously admitted testimony by the police officer who apprehended appellant. The police officer testified that the appellant, in an effort to avoid arrest, ran stop signs, red lights and drove at a speed considerably in excess of the speed limit. Appellant contends that evidence of acts which constitute separate criminal offenses are inadmissible when offered against him as evidence on a totally unrelated charge.

We are of the opinion that the Police Officer's testimony would be admissible as circumstantial evidence of "flight." See State v. White, 101 Ariz. 164, 416 P.2d 597 (1966); State v. Prickett, 99 Ariz. 348, 409 P.2d 49 (1965). The appellant, both before and after his indecent exhibition, repeatedly passed the young ladies in his automobile. The fact that the appellant's apprehension did not transpire until almost an hour after the alleged offense would not affect the inferences which a jury could derive from the appellant's extraordinary effort to avoid arrest. The appellant's conduct could clearly be considered by the jury as circumstantial evidence of guilt. We affirm the appellant's conviction for indecent exposure.

CONVICTION AS PRIOR OFFENDER:

On May 22, 1967, the appellant, on the basis of an indecent exposure conviction in 1959, was sentenced from 4½ to 5 years at the Arizona State Prison. The trial court pronounced sentence in reliance upon A.R.S. § 13–1649, which provides:

A. A person who, having been previously convicted for petty theft, molesting a child under the age of sixteen years, contributing to the delinquency of a minor, *an offense involving lewd or lascivious conduct,* or for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

\* \* \* \* \* \*

3. If the subsequent conviction is for \* \* \* an offense involving *lewd or lascivious conduct* \* \* \*, by imprisonment in the state prison for not to exceed five years.

The Superior Court ordered this sentence on the assumption that "indecent exposure" constituted "lewd and lascivious" conduct as contemplated by the statute.

While some courts have treated indecent exposure as "lewd and lascivious" conduct, our legislature has defined those acts which it considers to be lewd and lascivious. A.R.S. § 13–652 provides:

LEWD AND LASCIVIOUS CONDUCT: DEFINITION: PUNISHMENT

"A person who willfully commits, in any unnatural manner, any lewd or lascivious

act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years."

It is the law of this jurisdiction that penal statutes are to be strictly construed. City of Phoenix v. Lane, 76 Ariz. 240, 263 P.2d 302 (1953). We feel that it is crucial, in the interests of justice, to strictly construe the scope of "lewd and lascivious" conduct under the prior offender statute. We therefore hold that the lewd or lascivious conduct included in A.R.S. § 13–1649 is limited to that conduct defined in A.R.S. § 13–652.

The classification as a "felon" is perhaps the most perilous millstone which the state can impose on one of its citizens. As a consequence, only the most serious crimes have been categorized as felonies. If the terms "lewd" and "lascivious" were not strictly construed, many relatively harmless offenders would, upon prior conviction, be threatened with incarceration at our state prison. This list would not only include male exhibitionists like Wayman, but could include go-go girls, immodestly clad swimmers, prostitutes, etc. We do not believe that the legislature intended that these offenses be included in our prior offender statute.

We would add that this interpretation is consistent with the statutory composition of A.R.S. § 13–1649. For each offense proscribed in that section, there is a definition of that offense in some other section of the Criminal Code. See e. g. Petty Theft (defined at A.R.S. § 13–663); molesting a child under 16 (A.R.S. § 13–653); contributing to the delinquency of a minor (A.R.S. § 13–821–822); conviction for an offense punishable by imprisonment in the state prison (defined at A.R.S. § 13–103); lewd or lascivious conduct (defined at A.R.S. § 13–652).

The appellant's sentence of 4½ to 5 years at the Arizona State Prison is reversed and the case is remanded to the Superior Court with instructions to sentence the appellant as a misdemeanant in accordance with A.R.S. § 13–531 and A.R.S. § 13–1645.

UDALL, C. J., and LOCKWOOD, Vice C. J., and STRUCKMEYER and McFARLAND, JJ., concur.