501 P.2d 7

The STATE of Arizona, Appellee,

v.

Billy Joe THOMPSON, Appellant.

No. 2366.

Supreme Court of Arizona,
In Banc.

Sept. 22, 1972.

———◆———

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Randall Evans, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Billy Joe Thompson, was charged with the robbery of a service station attendant in Phoenix, Arizona. After the motion for change of venue by defend-

ant and his codefendant was granted, a Mohave County jury found him guilty.

On appeal, the defendant presents four questions. He contends that the court committed error in granting a motion for change of venue when neither Thompson nor his attorney was present. We need spend little time on this point because the defendant misreads the record. The court's ruling did not take place until after a written motion signed by defendant's counsel had been filed with the court, and the court had accorded an opportunity for hearing. We find no error here.

The second question presented is closely akin to the first. Codefendant's counsel first presented an oral motion for change of venue, but the court required the motion to be made in writing. When the written motion was presented, defendant's counsel had joined in the motion by signing it on behalf of the defendant. Obviously, under these facts, there is no point in discussing the cases cited by defendant.

Under the third question presented, the defendant contends that by reason of the numerous law-enforcement-officer killings in Arizona which had occurred just prior to the commencement of his trial, it was error for the court to deny his motion for continuance. He further contends that in the atmosphere prevailing at that time, he could not possibly have received a fair trial. To substantiate this, he points to the fact that the jury was out only briefly before returning its guilty verdict.

The trial judge, at the time he denied the motion for continuance, indicated that if on voir dire of the jury prejudice to defendant was indicated, the motion could be renewed. The first five jurors were interrogated individually in chambers until it became apparent that a fair and impartial jury could be selected in the routine man-

ner. The selection of the jury then proceeded without a renewal of the motion.

Jury trials can never be conducted in the sterile atmosphere of a vacuum. Only where it appears that the trial court has abused its discretion in refusing to grant a motion for continuance, will an appellate court interfere. State v. Chambers, 102 Ariz. 234, 428 P.2d 91 (1967). The record reflects no abuse of discretion.

As his final point, defendant urges that the trial court should either have granted his motion in limine or have declared a mistrial. The testimony at the trial indicated that the police officer who first saw a vehicle answering the description of the vehicle occupied by the gas station robbers, gave chase and was fired at. The officer didn't see a gun nor was his vehicle struck by bullets. The occupants of the car fled on foot. The motion in limine was directed to the use of the "running gun battle" in the county attorney's argument. The defendant contends that since there was no direct testimony that the defendant was present in the car when the battle took place, the use of this incident in argument was error.

There is no doubt that the "gun battle" evidence was prejudicial to defendant, but so is most evidence which points to guilt. The basic question here is, was the evidence admissible. Flight is relevant to show consciousness of guilt. State v. Wayman, 104 Ariz. 125, 449 P.2d 296 (1969). We cannot agree with defendant's argument that such evidence had no probative value. It was relevant, material and admissible. There was circumstantial evidence that the defendant was one of the persons in the car. This is sufficient.

Affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.