638 P.2d 726

**STATE of Arizona, Appellee,**

v.

**Mercy Catalan HERRERA, Appellant.**

**No. 1 CA–CR 4648.**

Court of Appeals of Arizona,
Division 1, Department B.

June 9, 1981.

Rehearing Denied July 2, 1981.

Review Granted July 21, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Gregory R. Jordan, Phoenix, for appellant.

OPINION

JACOBSON, Judge.

The principal issue in this appeal is whether a consecutive sentence is mandatory for a person convicted of attempted second-degree escape.

Defendant was originally convicted of aggravated robbery and sentenced to the Arizona Center for Women, a correctional facility. Before defendant completed her sentence, she escaped from the correctional facility. She was captured sometime thereafter and charged with second-degree escape in violation of A.R.S. § 13–2503.

Defendant entered into a plea agreement, as part of which she pled guilty to the lesser included offense of attempted second-degree escape, which is a class 6 felony. The plea agreement provided that defendant would be sentenced to ¾ year in prison (the statutory minimum term), the sentence

to run consecutively to the one she was serving for aggravated robbery.

During the plea acceptance hearing, the court inquired of the prosecutor why probation was not available. The prosecutor responded that both the escape statute and the plea agreement provided for a consecutive sentence. The court then advised defendant that her sentence must run consecutively to her sentence for aggravated robbery. At the end of the hearing, the court accepted defendant's plea. The court later formally entered judgment against defendant and sentenced her in accordance with the plea agreement. Defendant appeals from that judgment and sentence.

Defendant appeals, contending that her plea was involuntary. She urges that consecutive sentences are not required by statute for the offense to which she pled guilty, and thus she pled guilty while under a misapprehension of the minimum possible punishment.

We find at present no statute that expressly requires a consecutive sentence for *attempted* second-degree escape. Prior to adoption of the current criminal code in 1978, A.R.S. § 13–392 (now repealed) expressly provided for a mandatory consecutive sentence for both second-degree escape and attempted second-degree escape. The 1978 code maintains the consecutive-sentence requirement for second-degree escape. A.R.S. § 13–2503. However, attempted escape is not mentioned in § 13–2503, nor anywhere else in the code. The crime of attempted escape exists by virtue of A.R.S. § 13–1001, the general attempt statute. Section 13–1001 classifies an "attempt" as a crime one grade less serious than the completed crime. In this case, the statute makes attempted second-degree escape a class 6 felony, since second-degree escape is a class 5 felony. The attempt statute does not impose those special conditions applicable to a sentence on the completed crime, to an attempt to commit that crime.

We see nothing in the current second-degree escape statute, the attempt statute or the two statutes combined that clearly requires a consecutive sentence for attempted second-degree escape.

Admittedly, this section of the criminal code is susceptible of more than one interpretation with regard to whether a consecutive sentence is required for attempted second-degree escape. However, where penal statutes are fairly susceptible of more than one interpretation, we construe them in favor of the defendant to the extent necessary to eliminate the ambiguity. *State v. Wayman*, 104 Ariz. 125, 449 P.2d 296 (1969). Accordingly, we hold that a consecutive sentence is not mandated for persons convicted of attempted second-degree escape.

Defendant and the superior court were, then, mistaken about the minimum punishment requirements of the statute. Because of this mistake, the superior court misstated the minimum punishment at the plea determination hearing. Does this require a finding that the plea was involuntary?

In order to ensure the voluntariness of guilty pleas, the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), established a rule requiring a trial court to refrain from accepting a guilty plea until the court has advised defendant of certain consequences of the plea. One of these consequences is that the defendant must be informed of the range of possible sentences, including the minimum possible sentence. Rule 17.2(b), Rules of Criminal Procedure, *State v. Hill*, 118 Ariz. 157, 575 P.2d 356 (App.1978).

The court's error here differs from the most common Rule 17 violations. Typically, when a court misadvises a defendant with regard to the range of possible sentences, the court errs by understating the minimum possible sentence, that is, that the defendant could actually receive less than is statutorily mandated. *See, e.g., State v. Davis*, 115 Ariz. 153, 564 P.2d 104 (1977). We find prejudice in such circumstances because we assume that the defendant's plea was involuntary, since he was led to believe that he could receive less punishment than actually required by the statute. Accordingly, we

allow the defendant to withdraw his plea on the basis that he may have been willing to serve the lesser sentence but would be willing to take his chances with a jury if he knew the true sentence limits. Here the error was different. First, the superior court, rather than understating the minimum possible punishment, overstated it, that is, the defendant was advised that the minimum punishment was more than she must actually receive. Second, defendant expressly agreed in her plea agreement to the sentence to which she now objects.

While the defendant was unquestionably misled, we find no prejudice. She was willing to plead guilty, based upon a minimum punishment which was more onerous than statutorily mandated. If she was willing to plead guilty based on this advice, obviously she would have pled guilty if she had been advised of the true minimum punishment. The only possible prejudice would be if the consecutive sentence was placed in the plea agreement solely because it was statutorily mandated.

However, the admitted facts of defendant's crime indicate that defendant actually committed second-degree escape. Defendant was charged with that crime, but as a result of plea bargaining she pled guilty to the lesser included offense of attempted second-degree escape. This plea agreement specifically provided for a consecutive minimum sentence. At the plea-determination hearing, statements made by the prosecutor indicated that the consecutive sentence requirement was put in the plea agreement not only because of the mistaken belief concerning the statutory sentence requirement, but also because that is what the parties bargained for.

The plea agreement stated in one section that a consecutive sentence was required by statute. In another section involving "additional terms," the agreement again specified that the sentence would be consecutive. We think this listing of the consecutive nature of the sentence as an additional term indicates that the parties bargained for that result.

We have a case then in which defendant received exactly what she bargained for. We have no reason to think that defendant would have refused to enter into the plea agreement if the court had correctly stated the minimum possible punishment or if defendant had otherwise been informed of the actual minimum. Defendant has never even suggested that this would be the case. Hence, we conclude that the court's misstatement did not prejudice the defendant. For essentially the same reason, we further hold that defendant's plea was voluntary. To be voluntary, a plea must be knowingly made. That is, the defendant must be aware of material consequences of the plea. *Boykin v. Alabama, supra.* Here defendant agreed to a consecutive sentence as part of plea bargaining. Because defendant bargained for a consecutive sentence, her mistake regarding the minimum possible punishment was immaterial and did not render her plea involuntary.

Accordingly, the judgment and sentence are affirmed.

HAIRE, P. J., and EUBANK, J., concur.