638 P.2d 702

**STATE of Arizona, Appellee,**

v.

**Mercy Catalan HERRERA, Appellant.**

**No. 5360–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 8, 1981.

Rehearing Denied Jan. 12, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Gregory R. Jordan, Phoenix, for appellant.

CAMERON, Justice.

On 25 February 1980, defendant, Mercy Herrera, pled guilty to attempted second-degree escape in violation of A.R.S. §§ 13–1001 and 13–2503 and was sentenced to imprisonment for three-quarters of one year. The sentence imposed was to be served consecutively with her previous sen-

tence for aggravated robbery for which she was incarcerated at the time of the escape attempt. Pursuant to an appeal alleging that her plea was involuntary, Division One of the Court of Appeals affirmed defendant's sentence by holding that although the trial court was mistaken in its belief that the statute required the sentences to be served consecutively, the defendant had nevertheless voluntarily agreed to serve her sentences consecutively in return for a guilty plea on the lesser attempt charge. *State v. Herrera*, 131 Ariz. 59, 638 P.2d 726 (App.1981). Both parties moved for a rehearing but were denied relief. We granted review. We have jurisdiction pursuant to A.R.S. § 12–120.24.

We must answer the following questions on review:

1. Is a consecutive sentence mandatory for a person convicted of attempted second-degree escape?

2. If a consecutive sentence for attempted escape is not mandatory, was defendant's plea of guilty involuntary because the trial court informed her that a consecutive sentence was required?

3. If the plea was voluntary, may the consecutive sentence be affirmed?

The facts necessary for a determination of these issues are as follows. Pursuant to her conviction for aggravated robbery, defendant was sentenced to the Arizona Center for Women, a correctional facility. On 2 January 1980, defendant was discovered missing from the facility. She was captured sometime thereafter and charged with second-degree escape in violation of A.R.S. § 13–2503, a class 5 felony. On 25 January 1980, defendant entered into a plea agreement with the State wherein she waived her right to trial in exchange for a guilty plea to the lesser included offense of attempted second-degree escape, a class 6 felony. The plea agreement indicated that the "special condition imposed by statute" regarding the sentence was that it had to run consecutively to the sentence being served. The plea agreement also provided that the State would recommend that de-

fendant be sentenced to the minimum statutory term of three-quarters of one year in prison and that the sentence was to run consecutively to the term of years she was serving for aggravated robbery.

At the plea acceptance hearing, the trial judge inquired of the prosecutor why probation was not available. The prosecutor responded that both the plea agreement and the statute required that consecutive sentences be served. The court then advised the defendant that her sentence must run consecutively to her sentence for aggravated robbery. The defendant acknowledged that she understood this portion of her sentence. The court accepted the defendant's plea, entered judgment against her, and imposed sentence in accordance with the plea agreement.

Thereafter, defendant appealed to the Court of Appeals from her judgment and sentence, contending that her plea was involuntary. She argued that consecutive sentences are not required by statute for the offense to which she pled guilty, and thus she had pled guilty while under the mistaken impression that a consecutive sentence was required. The Court of Appeals affirmed the defendant's sentence on the basis of the language of the plea agreement wherein defendant expressly consented to serve consecutive sentences and also affirmed the sentence. We granted the petition for review because of what we believe to be a misconception of the law in affirming the sentence imposed by the trial court.

## IS THE CONSECUTIVE SENTENCE MANDATORY?

█ The statute in effect at the time, A.R.S. § 13–392 (now repealed), expressly provided for a mandatory sentence consecutive to the term being served for both second-degree escape and attempted second-degree escape. The 1978 code, while providing for the consecutive sentence for second-degree escape, A.R.S. § 13–2503, does not mention the crime of attempted escape. Instead, the crime of attempted escape is covered by A.R.S. § 13–1001, the general attempt statute which classifies an

"attempt" of any crime as one grade less serious than the completed crime. There is, then, nothing in the current statute that specifically requires a consecutive sentence for attempted second-degree escape. The Court of Appeals believed that since the escape statute, A.R.S. § 13–2503, required a consecutive sentence, an "attempt" to escape could also be construed as requiring a consecutive sentence. The Court of Appeals stated, however, that:

"Admittedly, this section of the criminal code is susceptible of more than one interpretation with regard to whether a consecutive sentence is required for attempted second-degree escape. However, where penal statutes are fairly susceptible of more than one interpretation, we construe them in favor of the defendant to the extent necessary to eliminate the ambiguity. *State v. Wayman*, 104 Ariz. 125, 449 P.2d 296 (1969). Accordingly, we hold that a consecutive sentence is not mandated for persons "convicted of attempted second-degree escape." 131 Ariz. at 60, 638 P.2d at 727.

The State contends, however, that *State v. Wayman* cited by the Court of Appeals is in conflict with two statutes:

"The rule of the common law that penal statutes shall be strictly construed has no application to these revised statutes. Penal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice." A.R.S. § 1–211(C).

And:

"The general rule that a penal statute is to be strictly construed does not apply to this title, but the provisions herein must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law, including the purposes stated in § 13–101." A.R.S. § 13–104.

We do not believe that the application of these statutes to the facts of this case serves the State's position. We may not read into the attempt statute the requirements of a consecutive sentence where no such requirement exists. Construing the statute according to the "fair meaning" or "fair import" to promote justice and effect the object of justice, does not require or allow this court to provide a penalty in the statute where one does not exist. This is true even though it would logically follow that such a penalty should be imposed. In the instant case, the prior statute provided for a consecutive sentence for attempted escape as well as for escape, but it was changed in the revision of the code. We cannot replace what the legislature has taken out. The trial court was in error in assuming it was required to impose a consecutive sentence.

## WAS DEFENDANT'S PLEA VOLUNTARY?

■ The Court of Appeals held, however, that even if the trial court was mistaken and that a consecutive sentence was not required, nevertheless the plea of guilty was voluntary, stating:

"We have a case then in which defendant received exactly what she bargained for. We have no reason to think that defendant would have refused to enter into the plea agreement if the court had correctly stated the minimum possible punishment or if defendant had otherwise been informed of the actual minimum. Defendant has never even suggested that this would be the case. Hence, we conclude that the court's misstatement did not prejudice the defendant. For essentially the same reason, we further hold that defendant's plea was voluntary * * * " 131 Ariz. at 61, 638 P.2d at 728.

We agree with the Court of Appeals that the defendant's plea was voluntary, in that even though all parties were mistaken as to the range of the sentencing, defendant would still have pled guilty had she known that the statute did not require the consecutive sentence she believed applied.

## MAY THE CONSECUTIVE SENTENCES STAND?

■ We believe, however, that the consecutive sentences may not stand. Even though the plea and the judgment of guilt

were proper, the sentence was not. The matter then must be returned for resentencing.

The judgment of guilt is affirmed, the sentence is set aside, and the matter is remanded to the trial court for resentencing consistent with this opinion. The opinion of the Court of Appeals, see *State v. Herrera*, 131 Ariz. 59, 638 P.2d 726 (App.1981), is approved in part and vacated in part.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.