701 P.2d 1195

James CAWLEY, Frank Rangel and Timothy Curry, individually and as representative of a class, Plaintiffs-Appellants,

v.

ARIZONA BOARD OF PARDONS AND PAROLES; State of Arizona; John Sloss; Richard Ortiz; Robert Araza; Arter L. Johnson; and Patricia Gilbert, members of the Arizona Board of Pardons and Paroles, Defendants-Appellees.

No. 1 CA–CIV 7666.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 20, 1984.

Robert K. Corbin, Atty. Gen. by Thomas Prose, Asst. Atty. Gen., Phoenix, for defendants-appellees.

James Cawley, Frank Rangel and Timothy Curry, in pro. per.

OPINION

GREER, Judge.

The issue in this case is whether the Board of Pardons and Paroles exceeded its authority in ruling that, where an offender is paroled from a first sentence in order to begin serving a subsequent consecutive sentence, the parole period be held in abeyance until the release from the subsequent sentence. The trial court found that the Board had acted within its authority, and granted the defendant's motion to dismiss. We reverse.

The appellants are serving the second or last term of consecutive sentences. In addition, each was originally paroled from the first or interim sentences to the next or last sentence. They brought suit seeking to eliminate the tolling of the parole period imposed pursuant to Rule R5–4–306(2) of the Administrative Rules of the Board of Pardons and Paroles.

The rule states as follows:

If the parole is granted, the inmate is paroled to the custody of the Department of Corrections to begin serving his next sentence. Notices of parole, including special conditions to be met, are sent to the inmate and the Department of Corrections. *His time remaining on his sentence is held in abeyance until his release from the institution.*

ACRR R5-4-306(2) (emphasis supplied). The rule implements and enlarges on A.R.S. § 31-412(B), which states, in part:

[A]ny prisoner [not otherwise ineligible for parole] may be certified by the director as eligible for parole for the sole purpose of parole to the custody of any other jurisdiction to serve a term of imprisonment imposed by such jurisdiction or parole to the custody of the department of corrections to serve any consecutive term imposed on such prisoner. Upon review of an application for parole pursuant to the provisions of this subsection the board may authorize such parole if, in its discretion, such parole appears to be in the best interests of the state.

According to the appellants, the rule exceeds the authority of the Board of Pardons and Paroles, inasmuch as there is no indication in the statute that such "tolling" of the parole time may be ordered. In the alternative, they claim the rule constitutes a denial of equal protection, since it treats differently those paroled "to the Department of Corrections" and those paroled to "any other jurisdiction."

■ We do not predicate our decision on either of the above grounds. Where a sentencing statute is susceptible to more than one interpretation, Arizona courts have held that a "rule of lenity" should apply. *State v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App.1983), approved 140 Ariz. 544, 683 P.2d 743 (1984); *State v. Herrera,* 131 Ariz. 59, 638 P.2d 726 (App.1981), decision approved in part and vacated in part, 131 Ariz. 35, 638 P.2d 702 (1981). This rule

was adopted from a long standing federal doctrine first enunciated by the United States Supreme Court in *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The Supreme Court in that case stated:

It is not to be denied that argumentative skill ... could persuasively and not unreasonably reach either of the conflicting constructions.... When Congress leaves to the judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this is not out of any sentimental consideration, or for want of sympathy with the purpose of Congress and prescribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement against the imposition of a harsher punishment. This in nowise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read.

349 U.S. at 83, 75 S.Ct. at 622.[1]

■ Applying the rule to this case, we find that A.R.S. § 31-412(B) does not confer upon the Board of Pardons and Parole the authority to toll the running of parole time when an offender is paroled to the Department of Corrections to serve a consecutive sentence. Accordingly, we hold invalid that part of ACRR R5-4-306(2) which permits tolling. When an offender is paroled to the Department of Corrections or to another jurisdiction to begin serving a consecutive sentence, such parole time must run concurrently with the running of the subsequent sentence.

Our decision is also consistent with decisions from other jurisdictions. In *Barr v. Parker,* 453 F.2d 865 (9th Cir.1971), for example, the court, in interpreting 18 U.S.C. § 4164,[2] held that federal release of

---

1. We note that A.R.S. §§ 13-104 and 1-211(C) abolish the general rule of strict construction for penal statutes. However, Arizona decisions

continue to apply the rule of lenity. *State v. Pena; State v. Herrera, supra.*

2. This federal statute orders that prisoners released under good time deductions be deemed

an offender to state jurisdiction would not toll the federal parole period. Two state courts have also found such parole time to run concurrently with the beginning of the second sentence. Although *Howell v. State*, 569 S.W.2d 428 (Tenn.1978), and *Ex Parte Fitzpatrick*, 9 N.J.Super. 511, 75 A.2d 636 (1950), approved 14 N.J.Super. 213, 82 A.2d 8 (1951) dealt specifically with the question of whether the state could aggregate consecutive sentences for the purposes of determining parole eligibility, both courts stated, in the absence of an applicable regulation, that once parole began on the first sentence, the offender would have a dual status; a parolee from the first sentence, and a prisoner serving time on the second.

The decision of the trial court is reversed and remanded with instructions in accordance with this opinion.

KLEINSCHMIDT, P.J., Department B, concurs.

FROEB, J., concurs in the result.

released on parole until the expiration of the maximum terms of the sentence less 180 days.