# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## HOME BREWING COMPANY, INCORPORATED v. CITY OF RICHMOND.

October 11, 1943.

Record No. 2693.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*C. V. Werne,* for the plaintiff in error.

*Horace H. Edwards* and *Henry R. Miller, Jr.,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Home Brewing Company, Incorporated, a Virginia corporation with its principal place of business in Richmond, was engaged throughout the years 1936, 1937, 1938, 1939 and 1940 in the business of manufacturing, bottling and selling soft drinks. The sales were made to licensed dealers and retailers. No sales were made to consumers.

The City of Richmond, under the authority of section 167 of chapter 10 of the Richmond City Code of 1937, assessed the corporation with omitted license taxes under section 62 of chapter 10 of the 1924 City Code and section 70 of the same chapter of the 1937 Code for each of the said years, together with penalties and interest. The appellant refused to pay these taxes and the City of Richmond instituted an action by notice of motion for judgment against it for them. A judgment was rendered in favor of the City of Richmond for the full amount. That judgment is now before us for review.

Chapter 10 of the 1924 Code, as amended in 1934, prescribed that there should be levied and collected for each calendar year, the following license taxes:

"70. Bottling Establishments.—Persons, firms, or corporations engaged in the business of bottling soft drinks, mineral and/or aerated waters..........$200.00."

License taxes for the years 1936 and 1937 were assessed under that ordinance.

The taxes for the other succeeding years were assessed under the amended ordinance of 1937, which is as follows:

"70. Manufacturing and Bottling Establishments.—Persons, firms, and corporations engaged in the business of manufacturing and bottling soft drinks, mineral or aerated waters, either or all,..........$200.00." The word "manufacturing" was added by the amendment.

These ordinances were enacted in pursuance of sections 61 and 62 of the city charter and are clearly within the charter powers of the City of Richmond.

The main contention of the appellant is that the taxing ordinance, in its original form and as amended, contravenes section 188 of the Tax Code of Virginia.

The permanent portion of section 188 is as follows: "A manufacturer, taxable on capital by the State may as in this section provided, sell and deliver at the same time to licensed dealers or retailers, but not to consumers, anywhere in the State without the payment of any license tax of any kind for such privilege to the State or to any city, town or county."

Under section 199 of the State Tax Code, manufacturers of bottled or carbonated beverages are required to pay a State license tax of $25, and in the same section a manufacturer is described as any person, firm or corporation "engaged in the business of mixing, compounding, or manufacturing carbonated beverages and bottling and selling the same."

It is conceded that the appellant is a manufacturer as defined by section 199 of the State Tax Code.

The appellant also contends that, inasmuch as it pays the State capital tax under section 73 of the State Tax Code, and under chapter 10 of the 1937 City Code pays a property tax upon all of its machinery and tools used in the manufacturing business, this is in effect, a license tax on the privilege of manufacturing bottled goods.

Another contention of the appellant is that the City has made an unreasonable classification of its business as a manufacturer, different from other manufacturers, and in

doing so has violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The position of the City is that the tax in question is upon the privilege of manufacturing and bottling soft drinks and in no way is a tax upon the privilege of selling soft drinks; section 188 of the Tax Code exempts the privilege of selling but does not exempt the privilege of manufacturing and bottling soft drinks.

The City contends that the property tax on the machinery of the taxpayer used in his manufacturing business is in no way related to the license tax here involved upon the privilege of manufacturing and bottling soft drinks, and is in no way affected by such a license tax.

The City also contends that the classification of manufacturers and bottlers of soft drinks, separate from other manufacturers, is a reasonable classification and is not forbidden by the Fourteenth Amendment to the Constitution of the United States.

The license ordinance of the City provides in clear language for the levy of a license tax upon the privilege of manufacturing and bottling soft drinks. Section 188 of the State Tax Code provides that a manufacturer taxable on capital may sell and deliver without the payment of a city tax on such privileges. To sell and deliver is entirely different from manufacturing and bottling soft drinks. They are separate and distinct enterprises and by the language of the ordinance and of sections 188 and 199 of the State Tax Code are so treated. The ordinance requiring a license tax on the business of manufacturing and bottling soft drinks clearly does not contravene the provisions of section 188 of the State Tax Code. The pertinent portion of section 188 is so plain and clear that it needs no interpretation or construction. It simply says in unambiguous language that a manufacturer taxable on capital by the State may sell and deliver to licensed dealers and retailers, but not to consumers, without the payment of any State or City license. The exemption thus granted applies alone to the privilege

of selling and delivering. It has no application to manufacturing and bottling, which is the business of the appellant.

■ The fact that appellant pays a capital tax and also a city property tax does not exempt it from the payment of a city license tax required for the privilege of manufacturing soft drinks. The license tax is not a tax on property. It is, as just stated, a tax required by the City for the privilege of manufacturing and bottling soft drinks. It cannot be considered a property tax and the latter tax cannot be considered a privilege tax. The tax on the property,—that is, the machinery—has no relation to the license tax on the privilege.

If section 188 of the State Tax Code prohibits a City license tax upon appellant's business, it would also prohibit a like State license tax on that business. Under section 199 of the State Tax Code, there is express authority for a State license tax which has been exacted of the appellant without protest so far as the record discloses. If the City license tax contravenes section 188 and is invalid, the State license tax, for the same reason, would also be invalid. Under section 296 of the State Tax Code, express authority is granted the City to levy a license tax on any business within its limits upon which the State requires a license. The State in this instance having required a license of the appellant as a manufacturer of soft drinks under section 199, the City also may levy a like license tax under its ordinance and under section 296 of the State Tax Code.

■ ■ The classification of the appellant as a manufacturer of soft drinks, as distinguished from other manufacturers, is a reasonable one. Soft drink manufacturers are a definite and distinct class and to make them a separate taxable class does no violence to the Fourteenth Amendment. All of this class are taxed alike under the ordinance. Besides there was no proof of any discrimination. *Fredericksburg* v. *Sanitary Grocery Co.*, 168 Va. 57, 190 S. E. 318, 110 A. L. R. 1195. It is not proven that the appellant is denied the equal protection of the law by the requirement that it pay a license tax with all others in its class for the

privilege of manufacturing soft drinks. Nor is it proven that the classification made here rests upon an unreasonable basis and is essentially arbitrary. Presumptions are in favor of reasonableness. Here the taxing ordinance and the State taxing statutes operate upon all alike who are similarly situated. *C. I. T. Corp.* v. *Commonwealth*, 153 Va. 57, 149 S. E. 523; *Farmer's, etc., Fire Ins. Ass'n* v. *Horton*, 157 Va. 114, 160 S. E. 315.

The claim that the trial court had before it a similar case several years ago and decided that the tax was invalid compels a like decision here, is without merit. The record in the present case does not contain the complete record in the prior case. There is no record here of what facts or issues were presented and decided by the court in the former case. They may have been different from those appearing here. From the order entered in the former case it is clear that the court did not hold the taxing ordinance invalid. The ordinance there was different from the present one. It is suggested that the order of exoneration in the former case was agreed to by former counsel for the city under a mistaken view of the case.

The rule of *stare decisis* does not apply where the former decision has misunderstood or misapplied the law or is contrary to reason. (Digest Virginia and West Virginia Reports, vol. 9, page 4.) Section 188 of the State Tax Code could no more invalidate the ordinance in the former case than it could in the present one. The language of section 188 is so plain that neither the court in the former case nor the court in the present one could correctly hold that it invalidated the license tax ordinance involved in either case. We would not be bound to perpetuate an error so apparent. Under such circumstances the rule of *stare decisis* has no application.

The judgment is affirmed.

*Affirmed.*