567 P.2d 1190

**STATE of Arizona, Appellee,**

v.

**Eduardo Flores VALENZUELA, Appellant.**

**No. 3841–PR.**

Supreme Court of Arizona, In Banc.

Sept. 7, 1977.

Bruce E. Babbitt, Atty. Gen., Phoenix, by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Donald Jay Natoli, Asst. Public Defender, Tucson, for appellant.

HOLOHAN, Justice.

Following his conviction for the unlawful sale of narcotic drugs, the appellant, Eduardo Flores Valenzuela, was placed on six years' probation on November 4, 1974. Among the conditions of his probation, ap-

pellant was ordered to violate no law and was also ordered to enter the Arizona Family, a 24-hour drug treatment facility where he was to remain until he either successfully completed the program or was given permission to leave by his probation officer or the facility's counselors. A petition to revoke appellant's probation was filed on May 26, 1976 in which it was alleged that appellant had violated the conditions of his probation by leaving the Arizona Family drug rehabilitation facility without the permission of his probation officer or of the counselors at the facility and that appellant had been convicted of shoplifting in Phoenix City Court.

At the probation violation hearing, the trial court found that appellant had violated the conditions of his probation in that he left the Arizona Family without authorization and that he committed the crime of shoplifting in the city of Phoenix. At the disposition hearing, appellant was continued on probation but the trial court modified the terms of probation by placing appellant with the Department of Corrections for a period of two years to date from May 22, 1976.

Appellant argues that the trial court erred when it ordered the revocation because: 1) the revocation was erroneously based upon appellant's guilty plea to the charge of shoplifting in Phoenix City Court, at which time appellant had neither assistance of counsel nor had knowingly and voluntarily waived his right to counsel; 2) the revocation was based on insufficient and unreliable hearsay evidence; and 3) appellant was denied his right to assistance of counsel when the trial court refused to allow appellant's attorney to present a concluding argument at the end of the violation hearing. In a memorandum decision, the Court of Appeals, Division Two, affirmed the order revoking appellant's probation. This court granted review. The opinion of the Court of Appeals is vacated.

█ Since there was independent, reliable and sufficient evidence to support the allegation that appellant violated his probation by leaving the Arizona Family without the prior permission of his probation officer or that of the program's counselors, we need not consider the contention that the trial court erred in considering appellant's guilty plea to the charge of shoplifting in Phoenix City Court. *State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975).

█ Appellant argues that the evidence in support of the allegation that he had left the Arizona Family without the required permission consisted of insufficient and unreliable hearsay only. It is well established that probation may be revoked exclusively on hearsay testimony. 17 A.R.S. Rules of Criminal Procedure, rule 27.7(b)(3); *State v. Smith, supra.* In the case before us, the record clearly indicates that the project officer for the Arizona Family, Lynda Cahart, informed appellant's probation officer by letter and by telephone that effective May 20, 1976, appellant had left the supervision of the Arizona Family without the permission of its counselors. Appellant's probation officer, James Nunez, testified that he had not given appellant permission to leave the drug treatment facility. We believe these communications between the Arizona Family's supervisory department and appellant's probation officer were sufficiently "reliable" within the meaning of that term as used in 17 A.R.S. Rules of Criminal Procedure, rule 27.7(b)(3), to justify the revocation of probation in this case. *State v. Smith, supra*; *State v. Salinas*, 23 Ariz.App. 232, 532 P.2d 174 (1975). Appellant cannot seriously contend that he did not leave the program in view of the fact that he was returned to Tucson pursuant to a bench warrant. Appellant's violation of the condition that he remain in the Arizona Family until receiving permission to leave from his probation officer or the program's counselors was supported by a preponderance of the evidence.

█ We do not believe that the trial court's refusal to allow appellant's attorney the right to present additional argument at the violation hearing denied appellant the effective assistance of counsel. Appellant asserts that the right to present arguments at trial is also present at a probation viola-

tion hearing. We have previously expressed our approval of the principles set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that probation revocation is not a stage of a criminal prosecution and that such a proceeding does not entitle a defendant to the "full panoply of rights" allowed a defendant at a criminal trial. *State v. Smith, supra.* Although the right to present argument at trial is recognized in 17 A.R.S. Rules of Criminal Procedure, rule 19.1(a)(7), we are unwilling to make such a requirement mandatory at a probation violation hearing. Except where expressly made so by constitutional or statutory provision, there is no absolute right to argument. *Daru v. Martin*, 89 Ariz. 373, 363 P.2d 61 (1961). The attorney for appellant was allowed to call witnesses and cross-examine those witnesses called by the state. The issues were not complicated and the facts were clear. Appellant was in no way denied the effective assistance of counsel by the trial court's actions.

Appellant was originally convicted for violation of A.R.S. § 36–1002.02 (1974). After revoking appellant's original probation, the trial court imposed a new six-year term of probation which included the condition that appellant serve two years in the state prison. The trial court's authority for imposing such a condition can be found in A.R.S. § 36–1002.02(F) (1974), *as amended*, A.R.S. § 36–1002.02(F) (1976).* The provision of this statute allowing a prison sentence as a condition of probation is a specific exception to the language in A.R.S. § 13–1657(A)(1) which only authorizes a maximum one-year county jail term as a condition of probation. The sentence imposed by the trial court following the revocation of probation has not been challenged on appeal but we are authorized to review the entire record pursuant to A.R.S. § 13–1715. Our review of the trial court's sentence compels us to conclude that appellant has been committed to the Department of Corrections for a period in excess of that intended by statute.

██ In interpreting the meaning of a statute we are constrained to give it a sensible construction which will accomplish the legislative intent and at the same time avoid an absurd result. *Mendelsohn v. Superior Court*, 76 Ariz. 163, 261 P.2d 983 (1953); *Frye v. South Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 224 P.2d 651 (1950). We do not believe that A.R.S. § 36–1002.-02(F) (1974), can be sensibly interpreted as authority for a trial court to impose a prison term in excess of thirty days as a condition of probation. Initially it must be noted that A.R.S. § 36–1002.02(D) (1974), authorizes the imposition of probation only where it is the defendant's first felony offense and where the value of the illegal narcotic drugs is under $250. In view of this restriction on the trial court's authority to impose probation, it is apparent that the legislature intended to allow probation only for the less flagrant violations of the statute.

Under the sentencing scheme of this state, a statute which prescribes only the minimum term of imprisonment for a violation of its provisions also authorizes the trial court to sentence any violator up to a maximum term of life in prison. A.R.S. § 13–1644. We believe it would be absurd to allow a trial court the authority to impose probation for the less flagrant violations of a statute and at the same time authorize that court to impose a prison term of any duration of not less than thirty days up to and including life imprisonment. We believe that the legislature recognized this inherent conflict when it amended A.R.S. § 36–1002.02(F) (1974) to read as follows:

"Any person convicted of a violation of this section who is placed on probation in accordance with the terms of this section shall upon sentencing, be committed to the department of corrections for *not less than thirty nor more than sixty days.*" As amended Laws 1976, Ch. 111, § 12.

---

* A.R.S. § 36–1002.02(F) (1974), provides:
"Any person convicted of a violation of this section who is placed upon probation in accordance with the terms of this section shall upon sentencing, be committed to the department of corrections for a period of *not less than thirty days.*" (Emphasis supplied.)

We believe that the amended section expresses a legislative intent to place a defendant convicted under this statute in the state prison for a very limited period of time. The legislature has determined that some period of state prison time should be served by an individual convicted under this statute but has wisely limited such term to a maximum of sixty days to avoid the conflicts which would arise if a longer period of confinement and probation were allowed to run concurrently. We therefore hold that A.R.S. § 36–1002.02(F) (1974), authorized the trial court to impose probation along with a prison sentence of *not less than nor more than thirty days*. We believe that any contrary interpretation of the statute would conflict with the intent of the legislature.

Appellant in this case has served more than the thirty-day period which we believe is the maximum limitation of the statute in question. The trial court's revocation of probation and subsequent imposition of a new probation term is affirmed. Under the authority granted to this court by A.R.S. § 13–1717 to correct and reduce a sentence on appeal, we reverse that condition of appellant's probation imposing a prison term of two years. It is ordered that the appellant, Eduardo Valenzuela, be released from prison and restored to probation subject to the remaining conditions imposed by the trial court and that the mandate of this court issue forthwith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.