608 P.2d 90

**STATE of Arizona, Appellee,**

v.

**Robert Joseph ARTHUR, Appellant.**

**No. 1 CA–CR 4162.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 24, 1980.

Rehearing Denied Feb. 29, 1980.

Review Denied March 18, 1980.

---

**154**

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Dennis C. Freeman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Presiding Judge.

Robert Joseph Arthur was charged by information with second degree burglary (count one) in violation of A.R.S. §§ 13–1501 and 13–1507, and with theft (count two) in violation of A.R.S. §§ 13–1801 and 13–1802. The charges arose from the unauthorized entry of a residence in Phoenix on January 29, 1979, and the use of car keys found within the residence to steal a 1973 Mercedes Benz automobile from the driveway of the residence. Arthur pleaded guilty to the theft count. The terms of the written plea agreement also provided, *inter alia*, that there would be no agreement as to the length of sentence to be imposed; any sentence imposed would be concurrent with that imposed in a pending forgery case; and that count one (second degree burglary) would be dismissed at the time of sentencing. Following entry of judgment of guilt, appellant was sentenced to a term of five years' imprisonment. A.R.S. §§ 13–701, 13–702, 13–801. He brings this appeal contending that the trial court erred in sentencing him to the presumptive term for a class 3 felony because the crime to which he pleaded guilty was a class 6 felony. We disagree with this contention and affirm the judgment of conviction and sentence.

Under the terms of the Arizona Criminal Code, effective October 1, 1978, the presumptive term of imprisonment for a class 3 felony is five years and the presumptive term for a class 6 felony is one and one-half years. A.R.S. § 13–701(B). The definition of the offense of "theft" is set forth in A.R.S. § 13–1802. Determination of the issue presented herein depends upon the interpretation of subsection C of A.R.S. § 13–1802, which provides, in pertinent part:

> C. Theft of property or services with a value of more than one thousand dollars is a class 3 felony. Theft of property or services with a value of more than one hundred dollars but not more than one thousand dollars is a class 4 felony. Theft of any property or services *valued at one hundred dollars or less* is a class 1 misdemeanor, unless *such property* is taken from the person of another or is a motor vehicle or a firearm, in which case the theft is a class 6 felony. (emphasis supplied).

Appellant argues that the words: "[U]nless such property is taken from the person of another or is a motor vehicle or a firearm, in which case the theft is a class 6 felony," should be read to mean that *all* thefts from a person or of a motor vehicle or firearm are class 6 felonies, regardless of the value of the stolen item. We disagree. Initially, we note that the charging documents herein (both the complaint and the information) charged appellant in count two with a class 3 felony and set forth the correct statutory provisions which he allegedly violated. The written plea agreement which he executed likewise contains reference to the charge as a class 3 felony and sets forth the proper term of sentence. The parties do not dispute that the trial court explained that appellant was pleading guilty to a class 3 felony and that the

consequences, i. e., the punishment, were explained properly. At sentencing, appellant stated there was no legal reason why he should not be sentenced. There is no dispute over the fact that the 1973 Mercedes Benz stolen by appellant is a "motor vehicle" and was worth more than $1,000.00.

 Under the cardinal principle of statutory interpretation, we must follow the plain and natural meaning of the language of the statute to discover what the legislature intended. *Dearing v. Arizona Department of Economic Security*, 121 Ariz. 203, 589 P.2d 446 (App.1978). In determining the legislative intent, the words of the statute are given their ordinary meaning, unless it appears from the context that a different meaning should control. *State v. Schoner*, 121 Ariz. 528, 591 P.2d 1305 (App. 1979). Whenever possible, a statute will be given such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant. *State v. Superior Court for Maricopa County*, 113 Ariz. 248, 550 P.2d 626 (1976). Finally, a statute is to be given a sensible construction that will accomplish the legislative intent and at the same time avoid an absurd result. *State v. Valenzuela*, 116 Ariz. 61, 567 P.2d 1190 (1977). Guided by these principles, we conclude that the proper interpretation of A.R.S. § 13–1802(C) is that the theft of any property or services valued at $100.00 or less is a class 1 misdemeanor, unless "such property" (of less than $100.00 value) is taken from the person of another, is a motor vehicle, or is a firearm, in which case the theft is a class 6 felony.

Thus, A.R.S. § 13–1802(C) authorizes prosecution for theft of motor vehicle as follows: where the value of the vehicle is more than $1,000.00 the theft is a class 3 felony; where the value of the vehicle is more than $100.00 but not more than $1,000.00, the theft is a class 4 felony; and where the value of the vehicle is $100.00 or less, the theft is a class 6 felony.

It follows that appellant was properly charged, convicted and sentenced for a class 3 felony.

Judgment of conviction and sentence affirmed.

DONOFRIO and WREN, JJ., concurring.