650 P.2d 1241

**STATE of Arizona, Appellee,**

v.

**Jerry Lee HENDERSON, Appellant.**

**Nos. 1 CA–CR 5389, 1 CA–CR 5390.**

Court of Appeals of Arizona,
Division 1, Department C.

June 17, 1982.

Rehearing Denied Aug. 16, 1982.

Review Denied Sept. 16, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Earl Terman, Scottsdale, for appellant.

## OPINION

CONTRERAS, Judge.

Appellant, convicted of multiple felonies following his guilty pleas, challenges the sentences imposed by the trial court. Appellant contends

1. that the sentence for escape from pre-trial confinement should not run consecutive to sentences imposed for crimes committed before the escape;

2. that aggravated sentences could not be imposed because appellant presented some mitigating circumstances; and

3. that the maximum sentences imposed are excessive.

We reject each contention, and affirm the convictions and sentences.

## BACKGROUND

In 1976, Jerry Lee Henderson was convicted and imprisoned for one charge of sale of narcotics and three charges of armed robbery. Maricopa County Cause Nos. CR–92172, CR–93997, CR–94051, and CR–94075. In March 1980, he was released by the Department of Corrections on work release (also referred to as work furlough). While on work release, on May 14, 1980, Henderson allegedly committed two counts of armed robbery. The indictment filed in the instant Cause No. CR–112701 charged Henderson with these two counts as class 2 dangerous felonies.

While the charges in Cause No. CR–112701 were pending, Henderson was held in confinement at the Avondale Detention Center. On July 15, 1980, Henderson and two companions escaped from the Avondale Center and committed various crimes which led to the filing of a nine-count indictment against all three in Cause No. CR–113813. The eight counts pertaining to appellant included one count of dangerous or deadly assault by a prisoner, one count of first degree escape, two counts of theft, two counts of kidnapping, and two counts of armed robbery. An allegation of two prior armed robbery convictions was filed in each case.

Pursuant to the terms of written plea agreements in both cases, Henderson entered pleas of guilty as follows: in Cause No. CR–112701, he pled guilty to one count of armed robbery, one count was dismissed, and the state agreed not to file two more potential charges; in Cause No. CR–113813, he pled guilty to one count of theft, two counts of kidnapping, one count of armed robbery, and the escape charge, and all other counts were dismissed. In both cases, he admitted the allegations of the two prior armed robbery convictions. The state agreed not to present aggravating evidence, and following a mitigation hearing and entry of judgment of guilt, Henderson was sentenced as follows: for the armed robbery in CR–112701, 35 years; on the charges in CR–113813, 10 years for the theft, 25 years for one kidnapping charge, 35 years for the other kidnapping charge, 35 years for the armed robbery, and 5 years for the escape. The sentences on all counts in both cases were ordered to run concurrently from the date of sentencing and concurrently with the unexpired portion of the 1976 sentences, except for the escape count, which was consecutive to the term imposed in CR–112701 and to the 1976 terms. A timely notice of appeal was filed in each case, and the cases have been consolidated in this court *sua sponte.*

## CONSECUTIVE SENTENCE FOR ESCAPE

█ Appellant first contends that the trial court erred in ordering the escape sentence to run consecutive to the sentences on the instant charges, rather than consecutive to the original 1976 sentences on which he

had been granted work release.[1] The statute in question is A.R.S. § 13–2504, which provides as follows:

§ 13–2504. Escape in the first degree; classification

A. A person commits escape in the first degree by knowingly escaping from custody or a correctional facility by:

1. Using or threatening the use of physical force against another person; or

2. Using or threatening to use a deadly weapon or dangerous instrument against another person.

B. Escape in the first degree is a class 4 felony and the sentence imposed for a violation of this section shall run consecutively to the *original sentence or sentences for which the defendant was confined.*

(emphasis supplied). Appellant argues that the emphasized portion of subparagraph B mandates that the escape sentence should run consecutive to the sentences imposed on his 1976 convictions. We do not agree.

On July 15, 1980, when appellant committed the crime of first degree escape, he was confined at the Avondale Center because of the offenses committed on May 14, 1980—not because of the crime for which he was imprisoned in 1976. Therefore, the "original sentence or sentences" for which appellant was confined at the time of the escape would have been those for the armed robberies in CR–112701, even though sentencing took place on May 14, 1981—approximately ten months after the actual day of the escape. We believe this interpretation is consistent with the legislative intent that a prisoner suffer additional punishment for an escape beyond the punishment imposed for the crime which originally resulted in the confinement.

1. As stated above, the trial court actually ordered the escape term to run consecutively to both the 1976 terms and the term in CR–112701. However, since the term in CR–112701 (35 years) will expire much later than any of the 1976 sentences (5–20 years total), the net effect is as alleged by appellant.

2. § 13–709. Calculation of terms of imprisonment

This interpretation also comports with A.R.S. § 13–709(B),[2] which requires presentence confinement credit against a sentence for all time actually spent in custody until such time as a defendant is actually sentenced on an offense. It is apparent that the legislature intended to make certain that all custodial confinement, not just confinement after sentencing, is credited to a defendant's sentence. Thus, the present criminal code provides that the moment a defendant is "confined", the defendant in effect begins serving any sentence that is later pronounced.

Finally, we note that the plea agreements in these cases contain the following provisions, of which appellant was aware:

(CR–113813)

Parties stipulate sentences on the counts in this case as well as CR–112701 shall run concurrent with each other, except Ct II Escape which will be consecutive to the maximum sentence imposed in CR 112701.

(CR–112701)

Parties stipulate the sentence in this case be concurrent with sentence in CR 113813 (except Ct II Escape which is consecutive). State agrees not to hold an aggravation hearing.

It thus appears that appellant in this case got exactly what he bargained for, with regard to the consecutive nature of the escape sentence. Appellant's first contention is without merit.

## AGGRAVATING AND MITIGATING CIRCUMSTANCES

■ Appellant next contends the trial court abused its discretion in the sentencing process, first because the legislature does not permit a trial court to balance aggra-

. . . .

B. All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

. . . .

vating and mitigating circumstances and then impose an aggravated term. The statute in question is A.R.S. § 13–702(C), which provides as follows:

C. The upper or lower term imposed ... may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

At the time of sentencing, the trial court made the following findings:

I have considered all the circumstances presented to the Court and have determined that the aggravating circumstances are true and sufficiently substantial to call for a greater term, and that the mitigating circumstances are not sufficiently substantial to call. for a lesser term of imprisonment than that authorized by law. I have determined that the following aggravating circumstances are those which call for a greater term: I believe you have as many as four prior convictions in addition to the two that you admitted to. You threatened the infliction of bodily harm on people. In each offense that you committed there was the presence of an accomplice. I find that you are a dangerous person, Mr. Henderson, and that you are a danger to society. And the sentence that I am going to impose is designed to protect society from people like you that go out with a gun and threaten people with a gun. I find it extremely aggravating that you were serving a sentence at the time you committed the armed robbery in 112701. And even after your apprehension in that case, that you would then escape incarceration, your double incarceration, really, because at that time you were being held not only to the prison sentence that you were serving, but on the charge that you were pending [sic]. And I can assure you that it is only because of the plea agreement in this case that the sentences

that I'm going to impose would not be made to be consecutive sentences. I feel very strongly about the things that you did. I think you are an extremely dangerous person, and I think you just might do them over again. And I am not going to give you that opportunity for as long a period of time as I can prevent it.

The trial court made no specific findings as to what he considered to be mitigating circumstances but, based on the record, including presentence reports and the mitigation hearing, appellant points to the following factors which were before the trial court: appellant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired at the time he committed the armed robbery, as he was under the influence of alcohol and drugs; he was under substantial or unusual duress because he committed the armed robbery to obtain money to support his drug habit; he committed the kidnapping because he was under severe depression in feeling that he was going back to prison for a long term for the armed robbery and felt that his only choice was between death and escape; no gun would have been used in the hostage situation but for the fact that the victim originally pulled the gun on the appellant; appellant's previous record had not been one of causing physical injury to others; a mental health expert did not consider appellant antisocial or capable of actually committing violence on another person, notwithstanding any threats he may have made; appellant had been severely punished by self-inflicted wounds in a suicide attempt immediately before his apprehension; and the criminal justice system failed the appellant.

Assuming that both aggravating and mitigating circumstances were presented, appellant then argues that, because of textual differences between A.R.S. § 13–702(E) and § 13–702(D), a balancing of circumstances cannot result in an aggravated sentence. Subsection E provides:

E. For the purpose of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following mitigating circumstances:

. . . .

In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term.

From the concluding paragraph of subsection E, it is clear that when both aggravating and mitigating circumstances are present, a mitigated sentence is possible. In contrast, subsection D merely lists possible aggravating circumstances without a concluding paragraph analogous to that in subsection E. Appellant argues that, had the legislature intended that an aggravated sentence be possible, in the face of mitigating circumstances, it would have enacted the following concluding paragraph to subsection D:

In determining what sentence to impose, the court shall take into account the amount of mitigating circumstances and whether the amount of aggravating circumstances is sufficiently substantial to call for the greater term.

Giving the statutory terms their "fair meaning", A.R.S. § 13–104, we do not believe that such restrictive interpretation of the statute is warranted. Under appellant's interpretation, a defendant, faced with all the aggravating circumstances listed in subsection D, could, by presenting a single mitigating circumstance, assure himself of no more than the presumptive sentence. We seriously doubt that the legislature intended such a result. Rather, we believe that the legislature intended that the sentencing judge should consider all circumstances, both aggravating and mitigating, weigh them and balance them, and impose a just sentence anywhere within the range authorized by statute. In *State v. Marquez,* 127 Ariz. 3, 617 P.2d 787 (App. 1980), we held that where the record revealed both mitigating and aggravating circumstances, and where the trial court stated the aggravating factors which were found to be true and which were used to enhance punishment, and further stated that he had considered all other circum-

stances, he had complied with the statute and an aggravated sentence was proper. We stated:

The balancing of the aggravating and mitigating circumstances in determining a sentence is not based upon mere numbers of aggravating or mitigating circumstances.

127 Ariz. at 7, 617 P.2d at 791. We are convinced that the trial court should balance all circumstances qualitatively, and not just quantitatively and then, in its discretion, determine whether there should be a deviation from the presumptive term within the statutory limits. It is apparent from the record that this is precisely what the trial court did in the instant case. Appellant's second contention is without merit.

### MAXIMUM SENTENCES

■ Appellant next contends that the imposition of the maximum terms on each count of the counts was an abuse of discretion, and should be reduced under our authority in A.R.S. § 13–4037. However, our authority to modify a sentence under this section will not be exercised if the sentences are within the statutory limits, as they are here, unless it clearly appears from the circumstances that the sentences were an abuse of the trial court's discretion. *State v. LaMountain,* 125 Ariz. 547, 611 P.2d 551 (1980).

■ In this consolidated appeal, the record discloses that the trial court was presented with an individual who had an extensive felony record. His last series of offenses, which resulted in a nine-count indictment, included a day-long hostage confrontation with police, wherein an innocent man and his wife were held at gunpoint for hours. Appellant's potential total criminal liability for all the charges exceeded 100 years. However, through the competent services of court-appointed counsel, he succeeded in having all sentences, other than the escape sentence, run concurrently. The trial judge indicated that were it not for the plea agreement, he would be inclined to order that all the sentences be served consecutively. In view of the serious danger

that this appellant presented to society, even while he was under the jurisdiction of the Department of Corrections, we are unable to find any abuse of discretion of the sentencing authority whatsoever. Appellant's third contention is without merit.

Since we have found no error, the judgments of conviction and the sentences are affirmed.

EUBANK and HAIRE, JJ., concur.