683 P.2d 744

**STATE of Arizona, Appellee,**

v.

**Sebastian PENA, Appellant.**

**No. 1 CA–CR 6243.**

Court of Appeals of Arizona,
Division One, Department A.

Oct. 13, 1983.
Review Granted Dec. 20, 1983.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

McFATE, Judge (Retired).

The sole issue presented in this appeal is whether the trial court erred in imposing a mandatory consecutive sentence pursuant to A.R.S. § 13–2503 following appellant's guilty plea to the crime of escape in the second degree. We find error affecting the imposition of sentence and remand for further proceedings.

The facts pertinent to a resolution of this appeal are as follows. Appellant/defendant Sebastian Pena escaped from the Maricopa County Jail on April 4, 1982, while awaiting trial on eight felony offenses charged in CR–124947. Appellant was subsequently indicted in CR–125917 for the crime of escape in the second degree, a class 5 felony, in violation of A.R.S. § 13–2503.

On May 28, 1982, appellant entered into two separate plea agreements. In CR–124947, appellant pled guilty to four felony counts. In CR–125917, appellant pled guilty to the escape charge and admitted two prior felony convictions. In the latter cause number, the trial court sentenced appellant to the presumptive term of five years. The trial court further ordered that this sentence run consecutively to the sentences imposed in CR–124947. Appellant now appeals from his conviction and sentence imposed on the escape offense.[1]

A.R.S. § 13–2503 provides:

§ 13–2503. Escape in the second degree; classification

A. A person commits escape in the second degree by knowingly:

1. Escaping from a correctional facility; or

2. Escaping from custody imposed as a result of having been arrested for, charged with or found guilty of a felony.

B. Escape in the second degree is a class 5 felony and the sentence imposed for a violation of this section shall run consecutively to the original sentence or sentences for which the defendant was confined.

---

1. Appellant also appealed from the judgments of guilt and sentences imposed in CR–124947 (1 CA–CR 6242). The appeal in 1 CA–CR 6242 was subsequently dismissed on appellant's motion on October 1, 1982.

Appellant argues that the mandatory consecutive sentencing provision of subsection B can only apply to a defendant confined on a sentence which had been imposed prior to his escape. Appellant further contends that because he was awaiting disposition of the charges in CR–124947 at the time of his escape, there was no "... sentence or sentences for which the defendant was confined ..." and the trial court erred in imposing a mandatory consecutive sentence pursuant to subsection B.

■ Initially, the state contends that defendant agreed to the consecutive sentence, and hence has no standing to question its propriety. We find no such agreement in the record. When the plea was heard by the court, the following colloquy occurred:

MR. BOND: Your Honor, excuse me for interrupting.

THE COURT: Sure.

MR. BOND: I notice, it is not in here, and it is a statutory condition that I have discussed with Mr. Pena, and that is that the escape charges have to be consecutive. The sentencing on the escape charges has to be consecutive with the other charges.

THE COURT: All right. That is not in here, and that would be a conditional agreement.

MR. JONES: It's not an agreement, your Honor. It's just a statutory requirement under the Statute.

THE COURT: If there is no objection, I believe it is to be concurrent with 1249—

MR. JONES: Consecutively, you mean.

THE COURT: Consecutively?

MR. BOND: Yes.

MR. JONES: By the Statute.

Defendant, having been advised he had no choice in the matter, and counsel for the state having indicated to the court, "It's not an agreement", we find no basis for the argument that defendant in fact agreed to his consecutive sentence.

Appellee cites *State v. Henderson*, 133 Ariz. 259, 650 P.2d 1241 (App.1982), as dispositive of this appeal. In *Henderson*, the court was interpreting § 13–2504,

which provides that escape from custody or a correctional facility through the use or threatened use of physical force or a deadly weapon is a class 4 felony. Subsection B of § 13–2504 contains a mandatory consecutive sentencing provision identical to the provision in § 13–2503.

The defendant in *Henderson* escaped from the Avondale Detention Center while awaiting disposition of offenses he committed while on work release from a 1976 conviction and sentence. The defendant argued that the trial court erred in ordering the escape sentence to run consecutively to the sentences imposed on the work release offenses rather than consecutively to the 1976 sentence.

This court disagreed and stated:

On July 15, 1980, when appellant committed the crime of first degree escape, he was confined at the Avondale Center because of the offenses committed on May 14, 1980—not because of the crime for which he was imprisoned in 1976. Therefore, the "original sentence or sentences" for which appellant was confined at the time of the escape would have been those for the armed robberies in CR–112701, even though sentencing took place on May 14, 1981—approximately ten months after the actual day of the escape. We believe this interpretation is consistent with the legislative intent that a prisoner suffer additional punishment for an escape beyond the punishment imposed for the crime which originally resulted in the confinement.

This interpretation also comports with A.R.S. § 13–709(B), which requires presentence confinement credit against a sentence for all time actually spent in custody until such time as a defendant is actually sentenced on an offense. It is apparent that the legislature intended to make certain that all custodial confinement, not just confinement after sentencing, is credited to a defendant's sentence. Thus, the present criminal code provides that the moment a defendant is "confined", the defendant in effect begins

serving any sentence that is later pronounced.

■ Appellant argues that because the defendant in *Henderson* agreed to a consecutive sentence, it was unnecessary to consider the statute requiring consecutive sentence, hence that discussion was dictum and should not be considered by this court as persuasive. The *Henderson* court, however, relied on both grounds discussed in the opinion. It held the sentence must be consecutive under the statute, and also held by virtue of defendant's plea agreement he "got exactly what he bargained for" and affirmed the sentences. In these circumstances, neither holding is dictum. *Van Dyke v. Parker,* 83 F.2d 35 (9th Cir. 1936).

■ The *Henderson* case, being a former decision of this court construing an identical statute, is therefore controlling here unless, of course, we determine to overrule it. This we would do if necessary to avoid the perpetuation of error. *United States v. Minnesota,* 113 F.2d 770 (8th Cir.1940); *State ex rel. LaPrade v. Cox,* 43 Ariz. 174, 30 P.2d 825 (1934); *State ex rel. George v. City Council of Aiken,* 42 S.C. 222, 20 S.E. 221 (1894); *Home Brewing Co. v. City of Richmond,* 181 Va. 793, 27 S.E.2d 188 (1943).

After serious reflection and analysis of the rationale therein set forth, we have determined that we should reconsider that portion of our holding in *Henderson* which relates to the interpretation of A.R.S. § 13–2504. The primary basis for our holding that a consecutive sentence is mandated by that statute was the supposition that the legislature intended to impose additional punishment on one who escapes, irrespective of whether at the time of escape he was in custody for an offense for which he had been sentenced. Thus, the mandatory consecutive sentence on the escape charge was applied even though the sentence for the prior offense took place approximately ten months after the escape. The problem with this reasoning is that it contravenes A.R.S. § 13–709(A), which establishes the date of commencement of a sentence and places an unacceptably strained construction on the words "sentence or sentences for which the defendant was confined".

■ We said in *Henderson* that because a defendant is entitled under A.R.S. § 13–709(B) to credit on his sentence for time spent in custody prior to sentence, the moment he is confined he begins serving any sentence that is later pronounced. However, we now consider this statement to be untenable. Section 13–709(A) provides in pertinent part: "A sentence of imprisonment commences when sentence is imposed...." Consequently a sentence cannot commence before it is imposed. The credit for time served awaiting sentence does not change the statutory time designated for commencement of sentence. It simply shortens the time necessary to complete it. No statute has been brought to our attention which permits a court to antedate a sentence or to give it effect before it is pronounced.

A consecutive sentence for escape from presentence custody under a prior offense is impossible to impose without (1) ignoring subsection B of § 13–2503, which requires that it be consecutive "to the original sentence or sentences for which the defendant was confined" when he escaped, or (2) assuming that a sentence commences before it is pronounced, contrary to A.R.S. § 13–709(A). The quoted words are in the past tense. To interpret them to mean "consecutive to the original sentence, if any, to be imposed in the future" would create a meaning which we cannot say the legislature contemplated.

Moreover, should the court be called upon to impose sentence on a defendant convicted of escape prior to his trial on the offense for which he was in custody when he escaped, it could not under the wording of this statute be made consecutive to a sentence which does not exist. Likewise, if defendant were later found innocent of the crime for which he was in custody, the consecutive sentence provision would be meaningless.

■ From the foregoing it is obvious that the provisions of § 13–2503 B. are ambiguous. If a consecutive sentence is required for *all* violations "under this section" as Paragraph B suggests, then it is required for escapes from presentence confinements, whereas Paragraph B also requires the escape sentence to be consecutive "to the original sentence or sentences for which defendant was confined." Our task, of course, is to determine, if we can, what the legislature meant by the language employed. *Mardian Construction Co. v. Superior Court,* 113 Ariz. 489, 557 P.2d 526 (1976); *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973). Other than the *Henderson* case, nothing has been referred to us by way of case law, rules of construction or otherwise, to assist in this determination. We have independently undertaken an examination of the Arizona Code Commission draft of Revised Criminal Code (1975), which preceded the enactment of the statute under consideration. The Commission, after noting that the then existing escape statutes failed to take account of the risk or danger to others caused by various kinds of escapes, had this to say:

> The least dangerous escape is that of a person charged with a misdemeanor or petty offense who escapes prior to incarceration and without the use of physical force or a deadly weapon. This is the subject matter of § 2501: Escape in the Third Degree, a [Class 5 felony]. A higher level of risk is created by a person who escapes from a correctional facility or who being charged with or found guilty of a felony escapes from custody imposed as a result thereof. This is covered by § 2502: Escape in the Second Degree, a [Class 4 felony]. "Correctional facility" is broadly defined in § 2500(b) to include both jails and prisons and any other place where persons are generally confined pursuant to court order for law enforcement purposes. The code thus abolishes the distinction between county jails and prisons for purposes of escape. Indeed, the proximity of county jails to large population centers would seem to militate against the present disparate treatment afforded escapes from jails and prisons. The third, and most severe risk of danger, is offered by escapes from custody or a correctional facility by the use of or threat to use physical force and the use of or threat to use a deadly weapon or dangerous instrument. This is covered by § 2503: Escape in the First Degree, a [Class 3 felony].[2]

Arizona Criminal Code Commission Draft, p. 234 (1975).

Thus, by including jails and prisons within the definition of "correctional facility", and by proposing three different degrees of escape with corresponding degrees of punishment, ranging from that provided for Class 5 to Class 3 felonies, the Commission ostensibly accomplished its objective of accounting for the different dangers incident to various kinds of escape and providing for appropriate punishment for each. The Commission's report, however, is silent on the subject of mandatory consecutive sentences and offers no clue to assist in resolving the ambiguity of A.R.S. § 13–2503 B., supra.

It would not be inconsistent with the Commission's objective to conclude that it intended no change in existing law relating to imposition of consecutive sentences. Indeed, it could be argued that the degree of danger posed from an escape by one who has been sentenced to a term in a correctional facility is recognizably higher than for one who is awaiting trial or sentence, with the possibility of probation, and that the consecutive sentence is reserved for the former. Absent any expression of legislative intent, we are left on our own to ferret out the meaning of the statute under consideration with the aid of established rules of construction which will be hereinafter referred to.

■ A.R.S. § 13–104 abolishes the general rule that penal statutes are to be strictly construed; nevertheless, where the

---

**2.** As enacted into law, the sections were renumbered and the felony classifications were reduced to Classes 6, 5 and 4, respectively. Laws 1977, ch. 142 § 86, effective October 1, 1978.

statute itself is susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant. *State v. Herrera,* 131 Ariz. 59, 638 P.2d 726 (App.1981), *decision approved in part and vacated in part,* 131 Ariz. 35, 638 P.2d 702 (1981); *Johnson v. Johnson,* 131 Ariz. 38, 638 P.2d 705 (1981); *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

■ We conceive it to be our duty to determine if this statute can reasonably be interpreted so as to give harmonious effect to all its sections and reconcile, if possible, any apparent inconsistencies. *State v. Valenzuela,* 116 Ariz. 61, 567 P.2d 1190 (1977); *Powers v. Isley,* 66 Ariz. 94, 183 P.2d 880 (1947); *Hill v. County of Gila,* 56 Ariz. 317, 107 P.2d 377 (1940); *State v. Arthur,* 125 Ariz. 153, 608 P.2d 90 (App. 1980); *Schilling v. Embree,* 118 Ariz. 236, 575 P.2d 1262 (App.1977); *State v. Standsberry,* 114 Ariz. 351, 560 P.2d 1258 (App. 1976). This can be done by simply construing A.R.S. § 13–2503 to mean that for a violation of "this section", *i.e.,* subsection A, a mandatory consecutive sentence is required in those instances where it is possible to comply with the conditions specified in paragraph B for imposing such a sentence. These conditions are that the escaping defendant be confined on an original prior sentence. Otherwise, a consecutive sentence, although discretionary, is not required. Such construction harmonizes the various provisions of A.R.S. § 13–2503. It gives effect to the words "shall run consecutively to the original sentence or sentences for which the defendant was confined" by applying them to escapes from confinement after sentence. It also gives effect to and authorizes sentencing for a class 5 felony for all other escapes, without indulging in the fiction that one under arrest prior to sentence has in some conceivable manner already been sentenced for the alleged crime which led to his arrest.

■ The foregoing interpretation of A.R.S. § 13–2503 is by no means a new concept in Arizona criminal law. It essentially conforms with those mandatory sentencing provisions of the prior criminal code which covered what are now felonious escapes in the second degree as follows: §§ 13–392 (escape from confinement in a penitentiary), and 13–395 (escape of a prisoner sentenced to prison, while in custody away from prison), both of which were felonies and required consecutive sentences, to commence at "the time when [such prisoner] would otherwise have been discharged from the prison", and § 13–393 (escape from a county jail if the confinement was upon a charge, arrest, commitment or conviction for a felony), in which case the escape was a felony but did not require a consecutive sentence. The legislature combined and carried forward into § 13–2503 the basic provisions of these former sections[3], with certain amendments immaterial to the present discussion.[4] Under the prior code, escape after sentence to prison was the only escape offense which required a consecutive sentence. Similarly, under the present code, § 13–2503, the only escape mandating a consecutive sentence is one which meets the conditions of § 13–2503 B., to-wit, escape from confinement under a prior original sentence. Thus, the concept of requiring a consecutive sentence for post-sentence escapes but not for others has been carried forward to the present criminal code. We do not believe the legislature intended a sentencing judge to impose a contingent consecutive sentence, to become effective on a future finding of guilt and a future sentence. It is the policy of the law to encourage certainty in the sentencing process.

---

**3.** *Cf.* Disposition Table A.R.S. Vol. 5A p. xx.

**4.** The words "correctional facility" were substituted for the word "prison" used in former §§ 13–392 and 13–395, were given a much broader meaning (A.R.S. § 13–2501.2), and were incorporated into § 13–2503(A)(1). Former § 13–393, insofar as it relates to felonies, was incorporated into present § 13–2503(A)(2), the term "escaping from custody" having been substituted for "[escaping from] county jail".

The general rule in this respect is found in 21 Am.Jur.2d, *Criminal Law*, § 536 at 886 (1981).

§ 536. Definiteness and certainty.

A high degree of exactitude is required in the pronouncement of judgments imposing penal servitude, and a sentence should be definite, certain, and not dependent upon any contingency or condition. Where the contrary is the case, the benefit of any doubt should be resolved in favor of the defendant.

This court has recognized that the imposition of a cumulative sentence should show in the record at the time of sentencing the particulars of the prior sentence upon which it is based. *State v. Owen*, 2 Ariz.App. 580, 410 P.2d 698 (1966). In that case we said:

In *Ex parte Hamilton*, 163 Tex.Cr.R. 283, 290 S.W.2d 673 (1956), the Texas court stated that several requirements were recommended to cumulate effectively a subsequent sentence. These are the inclusion in the subsequent sentence of (1) the case number of the prior conviction, (2) the correct name of the court in which the prior conviction was had, (3) the date of the prior conviction, and (4) the term of years assessed in the prior case.

 In the interest of accuracy, trial courts should provide a full description of the prior proceedings so as to identify fully the prior convictions and sentence upon which the subsequent cumulative sentence is based.

*Id.* at 582, 410 P.2d at 700. *See also Teffeteller v. State*, 396 So.2d 1171 (Fla.Dist.Ct. App.1981); *Keel v. State*, 321 So.2d 86 (Fla. Dist.Ct.App.1975); *State v. Sturgis*, 110 Me. 96, 85 A. 474 (1912).

Based on the foregoing, we hold that a sentence imposed under § 13–2503 must run consecutively to the original sentence or sentences for which the defendant was confined when he escaped, if in fact he was so confined pursuant to such sentence or sentences; otherwise, the sentence may but need not necessarily run consecutively

and we overrule any holding in *Henderson* to the contrary.

Obviously the trial judge felt constrained to follow the law in effect at the time and apply the ruling in *Henderson* to defendant's situation. Had he realized a consecutive sentence was discretionary rather than mandatory, it is possible he would not have imposed it. In view of the foregoing, we set aside that portion of the sentence imposed by the trial court which imposes a consecutive sentence. We remand the matter to the trial court for sentencing, in conformity with law and the views outlined in this opinion.

KLEINSCHMIDT, P.J., and CONTRERAS, J., concur.

NOTE: The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.