NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JERMAIN DESHAWN TROTTER, *Appellant.*

No. 1 CA-CR 23-0240
FILED 03-26-2024

Appeal from the Superior Court in Mohave County
No. S8015CR201801799
The Honorable Derek Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Jermain Deshawn Trotter, San Luis
*Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**        Jermain Deshawn Trotter appeals the superior court's revocation of his probation and the resulting prison sentence. Trotter's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Counsel asks this court to search the record for fundamental error. Trotter filed a supplemental brief and raised these issues: the witness testimony was false and unreliable hearsay, the superior court improperly revoked his probation solely based on restitution money owed, and he did not receive a complete case record. After reviewing the record for arguable issues, we affirm the revocation of Trotter's probation and the prison sentence. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        In 2021, Trotter pled guilty to forgery, a class 4 felony. The superior court suspended imposing a sentence and placed Trotter on four years of probation. Trotter requested that his probation supervision be transferred to Georgia. Georgia accepted supervision. Terra Sears, a probation officer in Mohave County, administratively oversaw Trotter's out-of-state probation.

**¶3**        In February 2023, Trotter was arrested in Las Vegas for domestic battery, obtaining or using another person's identification, and obtaining or using a debit or credit card without the cardholder's consent. The next month, Sears petitioned to revoke Trotter's probation. Sears alleged that Trotter violated his probation by failing to 1) maintain a

---

[1]    We view the facts in the light most favorable to sustaining the superior court's findings. *State v. Vaughn*, 217 Ariz. 518, 519, ¶ 3, n.2 (App. 2008).

"crime-free lifestyle" based on a 2022 theft conviction and the February 2023 arrest; 2) report law enforcement contact within 72 hours; 3) report to the probation department after sentencing and release from custody; 4) report his change in residence; 5) pay all restitution, fines, and fees; and 6) leaving Georgia without permission.

¶4        The superior court held a contested probation violation hearing. The State presented several exhibits at the hearing, including Trotter's signed acceptance of his probation terms, the interstate compact directive, past due notices for court-ordered financial obligations, and a Las Vegas police report from the February 2023 arrest. Sears testified that she spoke to Trotter's probation officers in Georgia to determine Trotter's situation and whether he had permission to leave the state. She stated that neither she nor the Georgia probation department permitted Trotter to leave Georgia.

¶5        Sears also testified that Trotter failed to report his contact with law enforcement twice. First, Trotter had law enforcement contact in Las Vegas in May 2022. Although Trotter needed to report this contact as a condition of his probation, Sears only learned of the interaction after running a criminal history check in March 2023. Second, Trotter was arrested in Las Vegas in February 2023. Trotter did not report the arrest, and Sears learned about it when a victim called her. Sears testified that she spoke with the Georgia probation department, which was also unaware of Trotter's February 2023 arrest. Sears explained that although the Las Vegas police report named "Jermain Jackson" as the arrestee, the name was Trotter's alias, and the booking photo matched Trotter.

¶6        Trotter denied signing the document that showed that he had accepted the terms of his probation. Next, he claimed he reported all law enforcement contact to the Georgia Probation Department. Finally, Trotter gave conflicting testimony about whether he had permission to leave Georgia. He first claimed he was allowed to leave the state but later denied having permission to leave, and finally claimed he did have permission. The superior court stated Trotter's testimony was "inconsistent and . . . self-serving" and found Trotter's testimony not credible.

¶7        The superior court found that Trotter violated his probation by failing to report law-enforcement contact, changing his residence without approval, leaving Georgia without permission, and failing to pay restitution and other fines and fees. The superior court revoked Trotter's probation and sentenced him to prison for two and a half years. He received 79 days of presentence incarceration credit. Trotter appealed.

3

**DISCUSSION**

**¶8**         We have read and considered counsel's brief and have reviewed the record for arguable issues. *See Clark*, 196 Ariz. at 537, ¶ 30. We find none. Trotter was present and represented by counsel at all stages of the proceedings against him. *See State v. Jackson*, 16 Ariz. App. 476, 478 (1972). The record reflects the superior court afforded Trotter all his constitutional and statutory rights and conducted the proceedings according to the Arizona Rules of Criminal Procedure. The superior court held appropriate hearings, and the evidence presented at the probation revocation hearing and summarized above was sufficient to support the superior court's findings. And Trotter was allowed to speak before disposition. Trotter's presumptive sentence falls within the range prescribed by law. *See* A.R.S. § 13-2002(C); A.R.S. § 13-702(D). And the superior court gave Trotter appropriate presentence incarceration credit.

**¶9**         We have also evaluated the arguments raised in Trotter's supplemental brief. We address each issue in turn.

**A.      The Superior Court Did Not Err by Admitting Sears's Testimony.**

**¶10**        Trotter argues that Sears gave false and unreliable testimony at his contested probation violation hearing. Trotter further argues that because Sears's testimony was "not based on first hand oversight knowledge" and because his "direct supervisory probation officer" from Georgia did not testify, the superior court relied impermissibly on Sears's "second hand hearsay."

**¶11**        During probation violation hearings, "[t]he court may receive any reliable evidence not legally privileged, including hearsay[.]" Ariz. R. Crim. P. 27.8(b)(3); *see also State v. Stotts*, 144 Ariz. 72, 82 (1985). Hearsay testimony is admissible in probation violation hearings when the testimony is trustworthy. *See Stotts*, 144 Ariz. at 82; *see also State v. Brown*, 23 Ariz. App. 225, 231 (App. 1975) (Reliable evidence is what is trustworthy.). Generally, communications between probation departments are sufficiently reliable to justify probation revocation. *See, e.g.*, *State v. Valenzuela*, 116 Ariz. 61, 63 (1977), *disapproved on other grounds by State v. Ojeda*, 159 Ariz. 560, 562 (1989); *State v. Salinas*, 23 Ariz. App. 232, 234 (1975) ("Unchallenged information presented by a county probation officer concerning communications and records within the probation department would normally be considered reliable information."). Here, Sears testified that she communicated with the Georgia probation officers, who told her Trotter did not have

permission to leave the state. The superior court did not abuse its discretion by admitting Sears's testimony.

¶12        Trotter also disputes Sears's testimony about law enforcement contact in Las Vegas and challenges the admission of the police report. He highlights that the Las Vegas police report names "Jermaine Jackson" instead of "Jermain Trotter." But Sears testified that "Jermain Jackson" is Trotter's alias, and the arrest booking photo matched Trotter as he appeared at the hearing. The superior court found that Trotter "admitted the person in the police report is him despite the fact the name is Jermain Jackson." The superior court noted that although the police report is hearsay, it is "reliable hearsay." The superior court has reasonable discretion to determine whether the evidence is reliable. *State v. Snider*, 172 Ariz. 163, 164 (App. 1992). We will not disturb the superior court's decision to admit the evidence and Sears's testimony. *See Stotts*, 144 Ariz. at 82.

**B.     The Superior Court Did Not Revoke Trotter's Probation Just Because He Failed to Pay Restitution.**

¶13        Trotter alleges that the superior court only revoked his probation because he failed to make restitution payments. He also claims that Sears's "only reason for testifying for the state . . . hinges solely on restitution monies owed." The court did not revoke Trotter's probation just because he owed restitution. The superior court found that Trotter violated several other probation conditions along with his failure to pay. During sentencing, the superior court noted that if Trotter's lack of payment were his only violation, he would not be sentenced to prison. We find no error.

**C.     We Decline to Review Trotter's Claim that His Counsel Failed to Provide Him with a Complete Record.**

¶14        Trotter alleges that his counsel failed to provide him with a complete record of the probation revocation hearing. The record shows Trotter's counsel sent him all the documents from his file, including transcripts. Nevertheless, whether Trotter's counsel provided him with the complete record for his appellate review is not an appropriate claim for appeal. If Trotter wishes, he may raise an ineffective assistance of counsel claim, which he must do in a petition for post-conviction relief. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## CONCLUSION

¶15        The revocation of Trotter's probation and his resulting prison sentence are affirmed. After the filing of this decision, defense counsel's

obligations pertaining to Trotter's representation in this appeal will end after informing Trotter of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    TM